Battle, J.
 

 The last two sections of our attachment law, as contained in the 7th chapter of the Revised Code, were in
 
 *262
 
 tended to give a lien “ on any ship, steamboat or other vessel, for or on account of any work done, or materials furnished, &c,” in favor of those who might do the work, or furnish the materials, &c., and to provide the mode of proceeding, by which that lien should be made effectual; (see Rev. Code, chap. 7, sections 27 and 28). Among the provisions, for this end, it is declared that any creditor, who intends to avail himself of the remedy, shall, by himself, or his agent, or attorney, before suing out his attachment, “ first verify his debt, and the manner in which it was contracted, by affidavit, and shall enter into bond, conditioned, for the indemnity of the defendant, in the manner provided by law.” The plea, in abatement, put in by the owner of the steam-boat, who inter venes to protect his interest, brings up for consideration the question, as to whom this bond, for the indemnity of the defendant, shall be made payable.
 

 It is manifest that the proceeding, under this statute, is one m rem, and we, accordingly, so held it to be in the case of
 
 Cameron
 
 v.
 
 The Brig Marcellus,
 
 3 Jones’ Rep. 83. It is equally clear, that the owner of the vessel or steam-boat, or any other person claiming an interest in her, may intervene and have himself made a party defendant, for the purpose of protecting that interest, as we held in the same case. The person who came in and was made party in this case, contends that fie is the proper defendant, and that the bond, which the plaintiff gave, upon taking out his attachment, should not have been made payable “ to the owner of the steamer Enterprise,” but “ to the defendant,” or perhaps, more properly, “ to the person who shall become defendant.’'" It is very certain that the bond cannot be made payable to any particular person by name, because the proceeding being
 
 in rem,
 
 there is no such person to receive it, or for whom the magistrate, who issues the attachment, can accept it. To make it payable, as contended for by the defendant, involves a technical difficulty, which, if possible, ought to be avoided. A bond being a deed, or instrument under seal, must b© made to some obligee, to whom, or for whom, it may be delivered ;
 
 *263
 

 Marsh
 
 v.
 
 Brooks,
 
 11 Ire. 409;
 
 Latham
 
 v.
 
 Respass,
 
 Busb. Rep. 138 ;
 
 Gregory
 
 v. Dozier, 6 Jones’ Rep. 4. Now, in a case like the present, the bond, when it is given, cannot be made to “ the defendant” as a certain obligee, because there is no defendant, who can be described by his Christian and surname, or simply by the description of “defendant.” But there is always some person who is the owner of the vessel or steam-boat, and to him, by the description of “ owner,” the bond may be made payable, and for him the magistrate may accept the delivery of it from the plaintiff. Should the absolute owner intervene, he may, of course, have a remedy on the bond, in case of its breach, and we think that any person, who can show a sufficient interest in the vessel or steam-boat, to be permitted by the court to intervene for that interest, will be taken to be “ the owner,” for the purpose of a remedy on the bond. Our opinion then is, that the plea, in abatement, cannot be sustained.
 

 But the defendant, through his counsel, has raised an objection in the argument here, that the plaintiff’s action was discontinued by the sale of the boat, upon the ground, that the
 
 thing
 
 attached being gone, there was nothing to keep the case in Court. "We are satisfied, that the 6th section of the attachment law, which provides for the sale of perishable articles, applies only to cases of original attachment, and not to those against vessels and steam-boats, authorised by the 21111 and 28th sections of the act. The sheriff, therefore, had no authority to sell, and his sale was, consequently, null and void, and left the boat in the same condition in which it was before. It does not appear that the sale was made at the instance of the plaintiff, but if it had been, it could not, being void, have the effect to discontinue the proceeding. The judgment must be reversed, and a
 
 procedendo
 
 issued.
 

 Per Curiam,
 

 Judgment reversed.